**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PLANNING AND DEVELOPMENT DEPARTMENT,
CITY OF DETROIT,
A Michigan municipal corporation,
Plaintiff/Counter-Defendants,                    Case No. 05-72328
v
                                                 Hon. Sean F. Cox
DAUGHTERS OF UNION VETERANS
OF THE CIVIL WAR, 1861-1865,                     Magistrate Virginia Morgan
SARAH M. STERLING TENT NO. 3;
SONS OF UNION VETERANS OF THE CIVIL
WAR, ULYSSES S. GRANT CAMP NO. 101; and,
MICHIGAN DEPARTMENT, DAUGHTERS OF
UNION VETERANS OF THE CIVIL WAR,
MICHIGAN DEPARTMENT,

      Defendants/Counter-Plaintiffs,
_____/

| CITY OF DETROIT LAW DEPT | SIMON, GALASSO & FRANTZ, PLC |
|---|---|
| Margo C. Balkwill (P30245) | John P. Tragge (P46964) |
| John M. Nader (P41610) | Henry Stancato (P29538) |
| Assistant Corporation Counsel | |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 1650 First National Building | 363 W. Big Beaver Road, Suite #300 Troy, |
| Detroit, Michigan 48226 | Michigan 48084 |
| (313) 237-3006 | (248) 720-0290 |

_____/

**CONSENT JUDGMENT**

**RECITALS**

      The plaintiff City of Detroit filed this action to clear title to certain real estate located at at 1942 Grand River Avenue, Detroit, Michigan, more fully described as:

> A triangular piece of land bounded by Cass, Grand River and Adams Avenue, Plat of the subdivision of part of the Cass Farm North of Grand River (Blocks 73 to 78, inclusive) as recorded in Liber 1, page 74 of Plats, Wayne County Records.  Ward Item:  02-361

(the "G.A.R. Building").

      The Defendants Daughters of Union Veterans of the Civil War 1861-1865, Sarah M. W. Sterling Tent No. 3, Sons of Union Veterans of the Civil War, Ulysses S. Grant

Camp No. 101, and Daughters of Union Veterans of the Civil War, Michigan Department counterclaimed, alleging, *inter alia*, that State of Michigan Monumental Buildings Act, MCL 35.851 et. seq. (the "Monumental Buildings Act") requires that the City maintain the G.A.R. Building as a memorial to those who served in the armed forces of the United States during the Civil War. The City vigorously contests this claim;

On Thursday, August 24, 2006 the parties succeeded in reaching a settlement in this action without waiving their respective viewpoints as to the construction of MCL 35.851 by devising an agreement which the Defendants specifically affirm to constitute compliance with the statute. The parties placed the terms of their settlement agreement on the record at that time and have submitted this consent judgment for entry consistent with those terms.

**IT IS HEREBY ORDERED:**

1. Plaintiff City of Detroit will attempt to develop the G.A.R. Building by sending out a Request for Proposal ("RFP") for this veterans' memorial building on a national basis, including circulation and/or publication in cooperation with any reputable historic preservation organization identified by Defendants. Such RFP, and any other future development agreement or conveyance by the City of Detroit of an interest in the G.A.R. Building, of any kind or nature, will provide that the rights of any Developer/Owner will be subject to and restricted by the terms of a Development Agreement and corresponding Deed, and an Easement reserved in the City of Detroit and the Defendants' favor, for the purpose of installing and maintaining a public veterans' memorial exhibit in the lobby. The Development Agreement and corresponding Deed will specifically include a Reverter Clause providing that, in the event the Developer/Owner fails to abide by the Easement or cooperate with the construction and maintenance of the memorial exhibit, then the G.A.R. Building will revert to the City of Detroit. The Development

Agreement and corresponding Deed will further require the Developer/Owner to: a) comply with all requirements applicable to the renovation or restoration of a structure listed on the National Register of Historic Places; b) restore and preserve the mosaic tile floor in the G.A.R. Building lobby which includes the Grand Army of the Republic Eagle and or other symbols; c) preserve the Memorial cornerstone on the exterior of the G.A.R. Building; and, d) refurbish and preserve any other plaque or common element currently affixed or imbedded in the G.A.R. Building, regardless of the location of such items in the new Developer/Owner's development plan.

2. The Defendants' Notices of Claim of Interest recorded at Liber 31171, Page 364; Liber 31437, Page 141; and Liber 31740, Page 132 shall be discharged upon the recording of a Deed from the City of Detroit to a Developer/Owner containing the following reservation of easement:

> This conveyance reserves an easement to the Grantor for the purpose of construction and maintenance of a memorial exhibit in the lobby of the premises commemorating the sacrifices of those who served in the armed forces of the United States during the Civil War in compliance with MCL 35.851. The Daughters of Union Veterans of the Civil War 1861-1865, Sarah M. W. Sterling Tent No. 3, Sons of Union Veterans of the Civil War, Ulysses S. Grant Camp No. 101, and Daughters of Union Veterans of the Civil War, Michigan Department and the Grantor shall have access, ingress and egress as reasonably necessary to construct and maintain a permanent memorial.

3. Defendants may provide qualified volunteers to assist the Plaintiff and the Detroit Historical Society in cataloguing all Civil War Era artifacts and records in the City of Detroit's possession which are owned by the City of Detroit. Defendants will reimburse the Detroit Historical Society for extraordinary supervisory expenses incurred in supervising these volunteers, provided these volunteers receive reasonable access to the Civil War Era records and artifacts.

4. The parties shall record this Consent Judgment with the Wayne County Register

of Deeds.  This Court retains jurisdiction to enforce this Consent Judgment. Except for the relief specifically provided by this Consent Judgment, all claim that  were or could have been joined by any party are released, waived and dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: Sept 1, 2006         s/Sean F. Cox
                            **HONORABLE SEAN F. COX**
                            **UNITED STATES DISTRICT COURT JUDGE**


Approved as to form and content

/s/John M. Nader/by permission          /s/ John P. Tragge
_____                 _____
John M. Nader (P41610)                  John P. Tragge (P46964)
Attorney for Plaintiff                  Attorney for Defendant